**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250533-U

Order filed July 28, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0533 Circuit No. 23-MX-193 |
| 2008 ACURA TLS, | ) ) | |
| Defendant | ) ) | Honorable Leah M. Bendik |
| (John James Napolitano, Claimant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err in finding that claimant failed to establish he was an innocent owner and declaring the subject vehicle forfeited.

¶ 2     The State filed a verified complaint for the forfeiture of a 2008 Acura TLS seized by police during a controlled substances operation. Claimant, John James Napolitano, filed a claim asserting ownership of the vehicle and for innocent owner release. Following hearings, the court granted the State's forfeiture request. Claimant appeals. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On April 11, 2023, Luke Napolitano, claimant's son, was arrested and charged with the unlawful manufacturing or delivery of a controlled substance (fentanyl). He was driving the subject vehicle at the time of his arrest, which was seized by police.

¶ 5        On June 7, 2023, the State filed a verified complaint for forfeiture of the vehicle under section 505(a)(3) of the Illinois Controlled Substances Act (720 ILCS 570/505(a)(3) (West 2022)), naming Luke and claimant as persons who might have a right, title, or interest in the vehicle and seeking termination of such. In response, claimant appeared as a self-represented litigant and filed a verified claim, alleging he was the sole legal owner of the vehicle and was not involved in the seizure of the vehicle. Claimant attached a certificate of title, which provided he purchased the vehicle on October 27, 2018.

¶ 6        On July 26, 2023, claimant filed an untitled motion that the court treated as a petition for an innocent owner hearing (725 ILCS 150/9.1 (West 2022)). The motion alleged claimant (1) was the sole owner of the vehicle, (2) gave Luke permission to use the vehicle to attend traffic court on the date it was seized by police, (3) did not consent or have any knowledge of the vehicle being used for illegal activity, and (4) was not involved in any alleged criminal activity.

¶ 7        On September 18, 2023, the court held a hearing on the motion. The parties stipulated that claimant was the title owner of the vehicle. The claimant made an opening statement that was significantly more expansive than the narrative testimony he presented during the hearing. Following claimant's brief narrative, the court inquired if there was anything else he wished to present. Claimant responded that everything was "covered in my opening statement." The court advised him that nothing in his opening statement was evidence and his opening statement could not be considered as evidence by the court. Claimant offered very little after the court's

admonishment. In fact, other than the Secretary of State tax form that established the purchase was from a private party, the certificate of title, and the State's stipulation to record title, the bulk of evidence that this court can consider was largely elicited on cross-examination.

¶ 8        Claimant testified he owned three other vehicles, which included models by Toyota, Honda, and Mercedes. Claimant had driven the subject vehicle as recently as the week it was seized. Luke was with him when he purchased the vehicle. Luke was allowed to use the vehicle for work, school, and sports events. Earlier that year, Luke received a traffic citation for speeding while driving the subject vehicle. While he testified that the Acura "was purchased with a car loan," the alleged loan documents he referenced in his opening statement were not presented during his testimony.

¶ 9        Special Agent Quinn Willis testified he was employed by the Carol Stream Police Department. He conducted three controlled buys of fentanyl pills from Luke. Willis posed as a dealer, and Luke was his provider. Each time, Luke arrived alone in the subject vehicle. In a text message exchange, Luke stated he acquired the vehicle "Al Capone style" with a briefcase of cash that he provided claimant in order to not appear suspicious. Luke also told Willis he had another vehicle (a Mercedes) that he used for "fun," but the subject vehicle was used for his drug dealing ventures. Luke boasted to Willis regarding what Willis could achieve if they continued to work together, such as purchasing a second vehicle by the end of the year. Willis understood this to mean Luke purchased his vehicles from his drug dealing profits. The last day Willis met with Luke, the day of Luke's arrest, Luke indicated that he was going to be late meeting Willis because he was selling drugs to someone else on the way.

¶ 10       Claimant argued the documentary evidence demonstrated he was the owner of the vehicle, which he purchased with a loan. The State argued, among other things, that claimant was not the

3

true owner and that he merely held the vehicle in his name for Luke's benefit. The State noted Luke received a speeding ticket in the vehicle and drove the vehicle three times during the police investigation. Further, claimant had three other vehicles he used and could access. The court denied the motion, concluding claimant did not meet his burden as an innocent owner.

¶ 11        On September 12, 2025, the court held a hearing on the State's forfeiture complaint. The State provided Luke had since pleaded guilty to unlawful manufacturing or delivery of a controlled substance and never filed a claim for the vehicle. Claimant reasserted his innocent owner defense, which the court declined to entertain as it had already ruled on that issue. The court entered an order declaring the vehicle forfeited and terminating Luke and claimant's interests in the vehicle. Claimant appeals.

¶ 12                                      II. ANALYSIS

¶ 13        On appeal, claimant argues the court erred in finding that he failed to satisfy his burden as an innocent owner. We must first acknowledge the deficiency of claimant's brief. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires that an appellant's brief "contain the facts necessary to an understanding of the case." Here, claimant's statement of facts consists of one paragraph setting forth that the vehicle was seized, an innocent owner hearing was held, the court found against him, and the court terminated his rights to the vehicle. Claimant's status as a self-represented litigant does not excuse his noncompliance. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. However, we nonetheless proceed with the merits of the appeal as the record is minimal and the State has provided an adequate statement of facts in its appellee's brief.

¶ 14        Forfeiture proceedings are civil *in rem* proceedings against items used in the commission of crimes. *People v. 1998 Lexus GS 300*, 402 Ill. App. 3d 462, 465 (2010). "After a complaint for forfeiture is filed and all claimants have appeared and answered, a claimant may file a motion with

4

the court for an innocent owner hearing prior to trial." 725 ILCS 150/9.1(a) (West 2022). To be considered an innocent owner, a claimant has the burden of establishing each of the following assertions by a preponderance of the evidence:

"(1) that the claimant filing the motion is the true owner of the conveyance as interpreted by case law;

(2) that the claimant was not legally accountable for the conduct giving rise to the forfeiture or acquiesced in the conduct;

(3) that the claimant did not solicit, conspire, or attempt to commit the conduct giving rise to the forfeiture;

(4) that the claimant did not know or did not have reason to know that the conduct giving rise to the forfeiture was likely to occur; and

(5) that the claimant did not hold the property for the benefit of, or as nominee for any person whose conduct gave rise to its forfeiture ***." *Id.* § 9.1(a)(1)-(5).

¶ 15        After limited discovery, the court shall conduct an innocent owner hearing. *Id.* § 9.1(c). Whether the property is subject to forfeiture is not an issue, and the court only hears evidence relating to the claim of innocent ownership. *Id.* "[T]he trier of fact determines the credibility of the witnesses and evaluates their testimony, drawing reasonable inferences and reaching conclusions to which the evidence lends itself." *People v. 2009 Chevrolet 2500*, 2016 IL App (3d) 140883, ¶ 38. "If a claimant meets the burden of proof, the court shall grant the motion and order the property returned to the claimant." 725 ILCS 150/9.1(d) (West 2022). If the claimant fails to meet the burden, the court shall deny the motion and the State's forfeiture claim proceeds. *Id.* A circuit court's findings in a forfeiture proceeding will not be reversed unless they are against the manifest

5

weight of the evidence. *People v. One 1999 Lexus*, 367 Ill. App. 3d 687, 689 (2006). A finding is against the manifest weight of the evidence where the opposite conclusion is clearly apparent. *People ex rel. Waller v. Seeburg Slot Machines*, 267 Ill. App. 3d 119, 125 (1994).

¶ 16       Here, we conclude the court did not err in finding that claimant failed to meet the burden of an innocent owner. The evidence at the hearing demonstrated the following. Claimant was the title owner of the vehicle. The vehicle was purchased with a loan, and Luke was with claimant at the time of purchase. Claimant allowed Luke to use the vehicle for work, school, and sport events. However, the evidence demonstrated Luke also used the vehicle to attend a court date and sell drugs on at least three occasions. Luke received a traffic citation for speeding, and claimant continued to allow Luke to drive the vehicle. Luke presented to Willis that the vehicle was his, which he purchased "Al Capone style" with a briefcase full of cash that he provided claimant in order to not appear suspicious. Luke told Willis that the vehicle was used for his drug dealing ventures and that he used another vehicle, a Mercedes of which claimant also held title, for "fun." Luke boasted to Willis that he could also have a second vehicle by the end of the year if they continued to work together.

¶ 17       We reject claimant's assertion on appeal that he drove the vehicle regularly. Claimant's only testimony about his use of the vehicle was that he drove it the week it was seized. There was no other testimony presented as to his use of the vehicle. The only other evidence in this regard was claimant's testimony that he had other vehicles at his disposal. Willis testified without objection that Luke indicated he had provided claimant with a briefcase of cash to purchase the Acura in order that the transaction would not appear suspicious. Claimant did offer the bare testimony indicating that it was purchased with a car loan. He did not, however, submit any of the documents he referenced in this opening statement that allegedly substantiated the loan. See *In re*

6

*Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009) ("[W]e note that *pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys."). While there was no evidence that claimant knew of or participated in any of Luke's illegal activity, claimant failed to meet his burden of proving that he was the true owner of the vehicle and did not hold the title of the vehicle in his name for Luke's benefit, whose illegal activity gave rise to the forfeiture. We cannot say the opposite conclusion is clearly apparent. Thus, it was not against the manifest weight of the evidence for the court to conclude claimant was not an innocent owner. We note claimant does not challenge the court's granting of the forfeiture complaint. Thus, our analysis ends here.

¶ 18                                    III. CONCLUSION

¶ 19        The judgment of the circuit court of Du Page County is affirmed.

¶ 20        Affirmed.